STATE OF CONNECTICUT *v.* HARRY J. BAKER

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 4, 1965

*Harry J. Baker,* the defendant, pro se.

*Nicholas P. Kalenak,* assistant prosecuting attorney, appearing for the state's attorney, for the state.

BY THE DIVISION. Superintendent Robert T. Grey of the Cheshire reformatory was appointed guardian ad litem for this defendant in these proceedings. The defendant chose to proceed with the hearing on this application and refused the opportunity offered to make an appropriate application to the Superior Court, from which he was committed, to furnish counsel to him.

Baker, nineteen years of age, on March 24, 1964, did plead guilty to all counts of a substituted information charging him with three counts of using a motor vehicle without the owner's permission, in violation of General Statutes § 14-229, which provides for a penalty of not more than ten years; two counts of breaking and entering with criminal intent, in violation of § 53-76, which provides for a penalty of not more than four years; and one count of larceny of money, in violation of § 53-63, which provides, in such instance, for a penalty including a fine of not more than $200 and imprisonment of not more

than six months or both. The court sentenced the defendant to the Cheshire reformatory for an indeterminate term on the two counts charging him with breaking and entering and suspended sentence on the four remaining counts. Here the effective commitment was, therefore, for a period of not more than five years, with a basic minimum of fifteen months on perfect behavior.

This young man, now twenty years of age, has a lengthy previous record of arrests and convictions for crimes including, but not limited to, breaking and entering, larceny, using a motor vehicle without the owner's permission, operating a motor vehicle while his license was suspended, wilful injury to private property, violation of probation, leaving the scene of an accident, and driving so as to endanger. As to some of these charges, there were repeated convictions. His arrests and convictions occurred in at least three states. Several of the charges against him, involving the use of a motor vehicle without the owner's permission, might well have been thefts of motor vehicles. In one such instance, Baker wrecked a motor vehicle in Massachusetts while in the process of evading police. In so doing, serious injuries were inflicted upon the occupants of another vehicle which was struck by the stolen car.

The defendant offers before us simply, "[I]f I got home now, I think I could make it . . . ." It could well be that his present incarceration has commenced to have a desirable effect. However, such recidivism as is demonstrated by this youth is unusual. The number of his convictions, the wilful injury done to others, his obvious detachment as to the consequences involved and the numerous unfruitful opportunities extended to him in the form of suspensions, probation and presentment on lesser charges than his offenses permitted leave no room

for decision other than that the sentence here reviewed is eminently fair, entirely just and must stand. It is so ordered.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.